Mr. Justice Richardson
delivered the opinion of the court.
The sale of the goods and purchase by the defendant were proved by the marshal, who being a mere agent for the purpose of the sale, without interest on either side, was a competent witness. And wc come to the enquiry relied upon, to wit: whether it was competent for the plaintiffs to issue in their own names ? They were the agents of the captors ; and had libelled the prize in their own names for the captors ; all the proceedings were in their own names, and the sales made at their instance, and in their names, for the .captors. They were then in the equity, and had the same qualified property as consignees, factors and commissioned merchants, who may sue in their own names for their principals. (See Bauerman vs. Radenius 7, T. R. 663. 2 Espinasse Rep. 653. Lex Mercaloria 401. ) Butter, (p. 130,) says where a factor to one beyond seas, buys or sells goods for another, an action will lie against or for him, in his own name. The credit and the promise will be presumed to be to him. So common is this practice, that we find it laid down as settled, that the principal also may sue. (Lex Mercatoria 400. Butter 130.) And if the factor sue, the de-, fendant may still set off a debt due by the principal. But there is a principle, which, in my judgment, renders the *148 qualified property in prize agents more apparent than in any of those analogous examples. The property in the prize is never transferred to the captors, so as to divest the original owners, until after the sentence of condemnation. Wheelwright vs. Depeysler, 1 John. Rep.p. 471. And the application to the Court of Admiralty, having been in the names of the plantiffs, though for other persons, the fair construction of the sentence and transfer of the property is to them, for their principals. Suppose what may be, and is often done, that the court had, after sentence, not ordered the sale, but re-delivered the property to the agents, and they had personally sold it. They would then have been, to all intents and purposes, merehanls selling on commission, and might sue, as is customary, in their own names. But the court having at their request, or to pay costs, or for any other purpose, directed the sale to be made by the marshal, changed no other privilege and altered no right, and the marshal became simply the sub-agent of the parties concerned, precisely as if in the case supposed the commission merchant had employed an auctioneer to sell the goods of his principal. A promise to the auctioneer is a promise to the proper party interested. Where the consideration comes from the plaintiff, a promise to a third person is sufficient. (See 1 Bos. & Puller, 101.)
The motion is therfore refused.
Justices Noll, Huger and Johnson, concurred.
Volcock, Justice, dissented,
-, for the motion.
--, contra.